McNally v. The Savannah, Florida and Western Railway Company, and *vice versa.*

The servant of a railroad company who is injured by a rare and peculiar accident, such as being struck in the eye by a flake of iron knocked from a swage worked on by other servants and shown to have been in average condition, cannot recover damages from the company for such injury, his place of labor being elsewhere than at the place where the swage was located, but his call there being to procure a bolt needed in his department.
December 1, 1890.

Negligence. Railroads. Master and servant. Before Judge Harden. City court of Savannah. July term, 1890.

Reported in the decision.

DENMARK, ADAMS & ADAMS, for plaintiff.
CHISHOLM, ERWIN & DUBIGNON, for defendant.

BLANDFORD, Justice.

The plaintiff in error brought his action against the defendant in error for damages on account of an injury which he alleged he received in consequence of the company's negligence in not furnishing a safe and proper tool, called a swage, to be used by its workmen, the said swage having been used for such a length of time that it had become battered and burred, by reason of which defect a flake of iron was knocked off of the same and struck him in the eye, whereby he was injured. He was an employee of the defendant company, as well as those operating with the swage, but his place of labor was elsewhere, his call at the shop being to procure a bolt which was needed in his department of work. He recovered a verdict in the court below; the defendant moved the court for a new trial upon several grounds, which was granted; and plaintiff filed his bill of exceptions to the grant of a new trial and says the same was error.

We have carefully examined the evidence in this record, and are satisfied that the injury to the plaintiff was the result of a mere accident—a thing not reasonably to be expected—a rare and peculiar accident. The implement is by the evidence shown to have been in average condition. It is true there is a witness who testifies that the implement, in the condition in which it was, was not proper for use and should have been repaired; but the company had discharged its duty to the public or mere visitors to the shop, by keeping the tool in average condition. Most tools are in some degree dangerous. So we think, upon considering all the evidence in the case, that the court should have granted a new trial, as

it did, and should continue to do so unless the case is strengthened by additional evidence.

The cross-bill of exceptions is dismissed, and the judgment of the court below granting a new trial is

*Affirmed.*